No. 7846.

| 32 | 315 |
|----|-----|
| 45 | 315 |
| 32 | 315 |
| 106 | 427 |

THE STATE EX REL. M. J. SHEEHAN vs JUDGE OF THE FIFTH DISTRICT COURT.

Under the constitution of 1879 this court is clothed with jurisdiction, by writ of certiorari, to revise the proceedings of all inferior tribunals in cases where no appeal lies.

A recorder of the city of New Orleans has full power to determine whether a prisoner, arrested by his warrant under a criminal charge, is or is not entitled to bail, and no district court can interpose by the writ of *habeas corpus*, and disturb the recorder in the exercise of the said power, and itself determine the question of bail.

A recorder has such interest in maintaining the jurisdiction of his court over a question which the law has entrusted him with, that he has authority to use any of the legal writs necessary to enable him to uphold his jurisdiction.

APPLICATION for a writ of certiorari.

A. D. Henriques for relator :

First—That exclusive criminal jurisdiction in the parish of Orleans, being vested in the First District Court and in the Superior Criminal Court, no civil district court could exercise such jurisdiction. Constitution of 1868, art. 83 ; Act No. 124 of 1874.

Second—That if a court has no criminal jurisdiction it cannot issue a writ of *habeas corpus* to have effect in a criminal case. 4 A. 427 ; 3 M. 42 ; 6 L. 427 ; 15 A. 347, 565.

Third—That the Supreme Court has jurisdiction under the constitution of 1879 to issue writs of certiorari to revise the action of the judge of a civil district court, and prevent him from exercising jurisdiction in a matter growing out of the administration of a penal statute. 1 Cal. 152 ; Bacon's Abridg. vol. 2, pp. 165-6 ; 40 Cal. 476 ; 3 D. and R. 35 ; Hales P. C. vol. 2, p. 215 ; 2 N. H. 208 ; 11 Mass. 465 ; 4 Mass. 670 ; 5 Binney, 26, 27 ; Chitty's Crim. Law 1, p. 371, edition of 1832 ; Archbold 1, p. 728, edition 1860 ; Bacon's Abridg. ed. of 1843, vol. 2, p. 162.

R. Stewart Dennee, for Ullrich, intervenor, contra :

First—That relator had no interest. 30 A. 1174 ; C. P. 15.

Second—That this court is without jurisdiction to review the action of the district court in granting the writ of *habeas corpus*. C. P. 792 ; 9 A. 522 ; 1 A. 413 ; 15 A. 347 ; 10 A. 426 ; Constitution of 1879, art. 115.

The opinion of the court was delivered by

MANNING, C. J. The relator Sheehan is the recorder of the First Recorder's Court in this city. One Hugo Von Ullrich was arrested by his warrant, issued upon an affidavit made before him by Henrietta Von Ullrich, charging him with breaking and entering a dwelling-house, armed with a deadly weapon, with the intent to commit murder. The arrest was made on the 8th of this month, and it appears from the recorder's statement that on the 11th Ullrich was arraigned before him and pleaded not guilty.

The recorder had no authority to arraign the prisoner, nor was the latter obliged to enter any plea before a court that was without jurisdiction to try him. The recorder had to determine whether the party under arrest was entitled to bail, and he had fixed the 17th as the day for considering that matter.

Meanwhile the prisoner applied to the judge of the Fifth Court for a writ of *habeas corpus,* and for an order admitting him to bail, and obtained both, whereupon the relator prayed from this court a writ of *certiorari* to bring up the proceedings taken before the judge of the Fifth Court in order that their validity may be inquired into.

We have explained heretofore the nature and purpose of this writ, and have shewn how it could not be invoked under previous constitutions, although distinctly provided for by the Code of Practice. State *ex rel.* Seale v. Recorder, 30 Annual, 450. It is not unlikely that decision suggested the importance of conferring upon this court the power to issue writs, by means of which revisory power could be exercised over the inferior courts. Const. 1879 art. 90. It is therefore wholly irrelevant to cite decisions of this court, to the effect that we can exercise no authority over the proceedings of inferior tribunals in which no appeal would lie to this court. Since the constitution of 1879 went into effect, this court has been clothed with power to revise the proceedings of all inferior tribunals in cases where no appeal lies ; that is one of the functions of this writ, which was dormant until the new constitution vitalised it.

By the Act of 1859 a recorder of New Orleans has full power to inquire into and determine whether a prisoner, arrested by his warrant under a criminal charge, is or is not entitled to be bailed. 'Sess. Acts 1859, p. 210. The respondent assumes that, since district judges have the power to issue writs of *habeas corpus* at the instance of all persons in actual custody in their respective districts, Const. 1879 art. 115, therefore he had authority to entertain the application of the prisoner, and to order the writ to issue, and to adjudge that bail should be taken, and to fix the amount of it.

We do not think so. If that were true, a court having jurisdiction of the trial of crimes, as well as one having cognisance only of the arrest of criminals, their commitment, and their release on bond from imprisonment, might and would have its jurisdiction invaded at any time before or during trial, and before a verdict, and have the prisoner taken from its custody. Conceding that the constitution of 1879 is in force *quoad* the district courts of Orleans at the present time, treating the present case as if art. 115 were now operative, we do not think a district judge can interpose, under the power thus conferred on him, in a criminal investigation which the recorder had authority to make, and was making. Interminable confusion, and constantly recurring conflict, would ensue from a different ruling.

Objection is made to the want of interest of the relator in the subject matter. He is not without interest in maintaining the legitimate jurisdiction of his court over a question, the decision of which the law had entrusted him with, and the district attorney, who is the representative of the State, informed us at bar that he objected to the granting the writ by the respondent when there was no question of the form and regularity of the mittimus.

There is no question here of that kind—none that the recorder had

not authority to proceed as he was proceeding, or that he was not competent to determine whether the prisoner should be bailed. The bare question presented is whether under the general authority to issue writs of *habeas corpus*, a district judge can interfere with a recorder while exercising jurisdiction confided to him in determining whether a given offence is bailable. We are of opinion that he cannot.

It is not difficult to conceive of cases where the investigation or determination of the bailable or non-bailable quality of the crime might be unreasonably postponed, and the imprisonment of an accused person be thus improperly prolonged pending such investigation. In such case a prisoner is not remediless. He has the right to apply to this court for relief through the medium of the appropriate writs which the law has provided in order to enable it to exercise and enforce that supervision over the inferior tribunals which the new constitution has accorded to it.

It is ordered and decreed that the orders and judgment of the Fifth District Court granting the *habeas corpus* and fixing the amount of bail-bond are set aside, and that the recorder, the relator, proceed to ascertain and determine whether the offence with which the prisoner is charged is bailable, and if yea, to fix the sum of the bail-bond, and that the prohibition heretofore made herein is perpetuated at the respondent's costs.