# State *v.* Humphrey.

*Application for Habeas Corpus.*

1. *Jurisdiction of committing magistrate; judge of probate without jurisdiction to award habeas corpus pending preliminary examination before justice of the peace.*—A justice of the peace has, within the territorial limits of his jurisdiction and

for the purposes of a preliminary examination of an accused after arrest, jurisdiction and authority equal to any other magistrate named in the statute (Code, § 5161); and where upon an affidavit made before a justice of the peace charging a felony, a warrant is issued and the accused is arrested and brought before the justice who issued the writ of arrest, for preliminary examination, and the hearing of the cause is continued at the instance of the accused, during which time the accused is imprisoned under a writ of *mittimus* issued by said justice of the peace, the judge of probate of said county is without authority, pending the continuance of said hearing, to interpose by writ of *habeas corpus*, for the purpose of determining the right of the accused to bail; since the jurisdiction of the justice having attached for the preliminary trial of the accused, it could not be usurped or ousted by any other committing magistrate.

Heard before the Hon. S. L. FULLER.

The proceedings in this case were had before the probate judge of Cullman county upon a petition filed by Clara Humphrey for a writ of *habeas corpus,* for the admission of the petitioner to bail. At the time of the filing of the petition and at the time of the hearing, the petitioner was confined in the county jail of Cullman county for murder. She had been arrested upon a warrant issued by a justice of the peace of said county, and pending the continuance of the hearing before the justice of the peace of said county, she was committed to jail under a writ of *mittimus* issued by said justice of the peace. Pending the continuance the petition in this case was filed. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of the cause the Judge of Probate granted the prayer of the petition and ordered that the petitioner be admitted to bail. From this judgment the State appeals, and assigns the rendition thereof as error.

CHAS. G. BROWN, Attorney-General, and ALVIN AHL-RICHS, for the State.—There is no question but that the Probate Judge of Cullman County had the right, power and jurisdiction to hear and determine the writ in this case. The defendant was confined in the jail of Cull-

[State v .Humphrey.]

man County, and he filed a proper petition, and this gave the court jurisdiction. The discharge of the defendant was not asked or sought, and the proceeding amounted, in substance, to an application for bail.—Code, §§4812, 4817; *Ex parte Champion,* 52 Ala. 311; *Ex parte McLure,* 30 Ala. 49; Const. Art. I, § 18.

BROWN & CURTIS and GEORGE H. PARKER, *contra.* The charge of murder against the defendant, when the defendant made his application for bail to the probate judge, was pending and undetermined in the justice court of S. H. Herrin. If the case was bailable, the justice has not only the power, but it was his duty to fix the amount of the defendant's bail under sections 5237 and 5240. of the Criminal Code. The power of the justice to admit to bail was as full and complete as was that of the probate judge. When a court of competent jurisdiction has become possessed of a case, its jurisdiction continues, subject only to appellate authority, until the matter is finally disposed of, and no court of co-ordinate power is allowed to interfere with its action.—12 Encyc. of Pl. & Prac., 153; *Freydenthal v. Baldwin,* 103 Ill. 330; *Ex parte Kitrell,* 20 Ark. 499; *State v. Judge,* 32 La. Ann. 315; 9 Encyc. of Pl. & Pr. 1010; *Eaton v. Patterson,* 2 S. &. P. 9; *Gould v. Hays,* 19 Ala. 438.

HARALSON, J.—Judges of the supreme, circuit, city, probate and county courts, chancellors, justices of the peace, mayors of incorporated cities or towns, within the territorial limits prescribed for each by the statute, are committing magistrates.—Code, §§ 5161, 5204, 5205. For the purposes of issuing a warrant upon complaint made of the commission of a criminal offense, any one of these officers, within the territorial limits of his jurisdiction and, for the purposes of a preliminary examination of the defendant after arrest, is equal in jurisdiction and authority to any of the other magistrates named in section 5161 of the Code.

When a defendant is arrested on a warrant for a felony, in the county where the offense is charged to have been committed, it is made the duty of the arresting offi-

cer, to carry him before the magistrate who issued the warrant, or if such magistrate is unable to attend, or his office is vacant, before some other magistrate of the county in which such warrant issued, etc.—Code, § 5223.

Section 5229 of the Code provides, "that when a defendant is brought before a magistrate for examination, such magistrate may adjourn the examination from time to time, as may be necessary, not exceeding ten days at one time, without the consent of defendant, and to the same, or a different place in the county; and in such case, if the defendant is charged with a capital offense, he must be committed to jail meantime," etc. At the appointed time, it becomes the duty of the examining magistrate to proceed, as prescribed by the Code, to inquire into the commission of the offense, and discharge, bail, or commit without bail, as the facts of the case may in his judgment require.—§§ 5233-5237.

The State moved to dismiss the proceeding in this case, because the petition was not verified by the oath of the applicant as required by statute; because the probate judge had no jurisdiction or authority to issue the writ, for the reason, that at the time of the filing of the petition for the same, there was a preliminary proceeding pending before S. H. Herrin, a justice of the peace in and for Cullman county, for the trial of defendant upon a charge of murder, which case was continued a number of times by the defendant, the last time, until the 8th day of January, 1900, which proceeding was still pending and undetermined before said justice of the peace, and no sufficient reason was shown in the petition for the writ, why the trial of defendant should be removed from the justice of the peace, to and be tried by the probate judge, the defendant being in jail in the custody of the sheriff under a *mittimus* from said justice of the peace to the sheriff.

The petitioner demurred to this motion on the ground, that it set up no facts in bar of the hearing of said *habeas corpus* case by the probate judge, and because the writ of *habeas corpus* is superior in law to all other proceedings, and can be heard at any time when the petitioner is imprisoned on any charge or accusation. This

[State v .Humphrey.]

demurrer was sustained, and the motion to dismiss the proceeding denied.

On the trial of the motion, it appeared, that when the petitioner was arrested, he was carried before S. H. Herrin—the magistrate who issued the writ of arrest— for preliminary examination; that a *mittimus* was issued by him to the sheriff, to receive the defendant into his custody and detain him during the pendency of the preliminary examination, and until he was legally discharged; and that it was under this *mittimus* the defendant was held when the writ of *habeas corpus* was sued out by him. The grounds for suing it out, as stated in the petition were, that petitioner was entitled to a hearing and admission to bail, and that he was not guilty of said offense. It appeared, that the trial was postponed from time to time at his instance, and during such postponement, he sued out this writ, to remove the preliminary examination of defendant from before said committing magistrate who issued the writ, to the probate judge, who had no higher authority in the premises than the justice, and this, upon the sole pretense, that the jurisdiction of the probate judge was superior to and ousted the jurisdiction of the justice of the peace in the preliminary trial of the defendant. But such a contention has no support in law. The jurisdiction of the justice having attached for the preliminary trial of defendant, it could not be usurped or ousted by any other committing magistrate, for the reason that until the trial ended, the jurisdiction of one such magistrate for such a proceeding is equal, and not superior, to that of any other magistrate named in the statute. The probate judge was, therefore, without authority to interpose by writ of *habeas corpus* to determine the questions of discharge, bail, or commitment without bail, which, for the time, the magistrate who issued the writ of arrest, and had the defendant before him for the purpose, had the exclusive right to determine.—*Gould v. Hays,* 19 Ala. 438; *Opelika v. Daniels,* 59 Ala. 211; *Ex parte Kittrell,* 20 Ark. 499; *State v. Fifth District Judge,* 32 La. Ann. 315; 9 Ency. Pl. & Pr. p. 1010, and authorities there cited.

[The State of Alabama, *ex rel.* Wood v. Williams, Judge, &c.]

The order of the probate judge admitting the defendant to bail will be reversed and annulled, and an order will be here · entered dismissing the proceedings on *habeas corpus* before him at the cost of the petitioner therefor. The defendant will remain in custody until legally discharged.

Reversed and rendered.