# Pippin *v.* The State.

## Habeas Corpus.

(Decided June 30, 1008. 47 South. 266.)

1. *Criminal Law; Jurisdiction on Preliminary Investigation; Effect.*—Where proceedings are pending before a justice of the peace for a preliminary hearing of one accused of crime, the issuance of process by another justice of the peace, together with the hearing thereon, and an order allowing bail, are of no force or effect, since the jurisdiction of the former justice had attached.

2. *Same; Loss of Jurisdiction.*—Where a justice of the peace had issued a warrant charging murder which had been served, and pending investigation on preliminary hearing, the circuit court met and the justice returned the process to the grand jury without such preliminary hearing, but the grand jury failed to investigate and return an indictment, the return of the justice was but a report that a preliminary investigation was then pending before him, and such report did not divest his jurisdiction, and he might proceed with a preliminary hearing after the adjournment of the grand jury, and the mittimus issued on such hearing was not invalid. (Section 5247, Code 1896.)

3. *Same.*—The duty of justices of the peace to make return under section 5247, Code 1896, is to make them to the foreman of the grand jury or solicitor, and not to the clerk of the court; the grand jury docket can be created only by the grand jury or by the solicitor under the directions of the grand jury and a creation of such a docket by the clerk is beyond his duty.

APPEAL from Coffee Probate Court.

Heard before Hon. S. N. ROWE.

Application by J. W. Pippin on habeas corpus for bail. From an order denying petitioner bail, he appeals. Affirmed.

[Pippin v. The State.]

O. C. Doster, Jr., J. F. Sanders, and J. A. Carnley, for appellant. The continuance of the cause without the consent of the defendant for more than ten days rendered the warrant functus officio.—Section 7594, Code 1907. The life of the warrant was ended when the report was made to the grand jury of preliminary investigation.—*State v. Graham,* 136 Ala. 134; *Ex parte Stern,* 104 Ala. 93; *Young, et al. v. The State,* 131 Ala. 51. The mittimus must show an offense punishable capitally.—Section 6337, Code 1907; Heard on Habeas Corpus, 374, et. Seq. The court should not have admitted the mittimus.—*Gerrish v. The State,* 53 Ala. 473; *Winter v. The State,* 90 Ala. 637.

Alexander M. Garber, Attorney-General, for the State.

McCLELLAN, J.—Habeas corpus. Appeal from order denying petitioner bail. On March 8, 1908, Carlisle, a justice of the peace, issued a warrant for the arrest of petitioner on the charge of murder, and the process was executed on that day. During the pendency of the proceeding before Carlisle, Owen, another justice, upon process issued by him on March 14, 1908, conducted an investigation and admitted petitioner to bail. This action on the part of Owen was wholly vain, for the reason that Carlisle's jurisdiction had attached.—*State v. Humphrey,* 125 Ala. 110, 27 South. 969.

On March 16, 1908, the circuit court of Coffee county, a grand jury being organized, convened. Notwithstanding Carlisle had not held the preliminary investigation, he returned the process issued by him, under which petitioner should have been detained by the sheriff, to the circuit court, and the clerk docketed the case upon the grand jury docket. The court instructed the

grand jury not to investigate the charge against peti-
tioner, and this instruction was obeyed. No order of
court ,was [entered continuing the investigation. On
March 27, 1908, Carlisle conducted the preliminary tri-
al under his process, and thereon remanded the peti-
tioner to jail without bail, issuing in the premises the
mittimus upon which · the sheriff holds the petition-
er. The mittimus is not defective.

The petitioner takes the point that, on the authority
of the line of cases of which *Graham's Case,* 136 Ala.
134, 33 South. 826, is one, the convention of the circuit
court and the return thereto of the process issued by
Carlisle deprived him of jurisdiction to conduct a pre-
liminary hearing of the petitioner under that process.
The *Graham Case, supra,* and those previously making
that ruling, was where the preliminary investigation
had been held and a succeeding grand jury, after in-
quiry, had failed to return an indictment. The effect
was to render functus officio a mittimus issued in conse-
quence of the preliminary trial. Here no preliminary
hearing had been held. Preliminary proceedings are
statutory purely.

The proceeding is inquisitorial, and the result of a
finding, committing or discharging the defendant, has
no effect upon future action by a court having final
jurisdiction of the offense. Section 5247 of the Code of
1896 commands what the magistrate must do in the
two events, viz.: (1) Where he has committed.a person
upon preliminary hearing; (2) and where there has
been no such committal since the last term of the cir-
cuit or city court. In this instance the second phase
of the statute is applicable; and in an effort to comply
with that mandate Carlisle made return of the writ is-
sued by him, and in accordance therewith the defendant
should legally have been then in custody. This return

[Pippin v. The State.]

was but a report that a preliminary investigation was then pending before him; no committal having been entered. The mere act of so reporting did not operate to divest the jurisdiction of Carlisle, since that could only be done by an investigation by the grand jury of the offense, or some of its degrees, charged in the process issued by Carlisle, resulting in an indictment, or by a preliminary hearing, conducted under the statutes in the premises.—*Ex parte Crawlin*, 92 Ala. 101, 9 South. 334. It affirmatively appears that the grand jury did not investigate, or undertake to do so, the offense alleged against petitioner.

The entry of the case by the clerk on the grand jury docket was an act foreign to his duties and powers. That docket can be created only by the grand jury, or by the solicitor under the direction of that body. The reports required by section 5247, Code 1896, are not to be made to the circuit or city court, or to the clerk thereof, but "to the solicitor or to the foreman of the grand jury." We therefore hold that the mittimus was properly admitted in evidence.

The only other question to be considered is that questioning the sufficiency of the testimony presented to the judge of probate to warrant a denial of bail. That officer was favored with a view of the witnesses examined, and from the whole testimony we cannot pronounce his conclusion erroneous. The order of remandment is therefore affirmed.

Affirmed.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and DENSON. JJ., concur.