198 So. 169

## ANDERSON v. STATE.

### 8 Div. 69.

Supreme Court of Alabama.

Oct. 10, 1940.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for petitioner.

Street & Orr, of Guntersville, opposed.

GARDNER, Chief Justice.

The opinion of the Court of Appeals discloses that at the time of the filing of the writ of habeas corpus before the Probate Judge the defendant was being held in custody upon a warrant charging him with first degree murder upon affidavit made before a magistrate of the county court which had preliminary jurisdiction. · Spraggins v. State, 139 Ala. 93, 35 So. 1000.

The preliminary hearing seems to have been set for June 3rd, 1940, on which date no action was taken by the State in the prosecution. The following day on June 4th, 1940, defendant filed before the Judge of Probate his petition for writ of habeas corpus seeking bail. At the hearing of this petition, set for June 17th, 1940, the sheriff made answer in his return that the prisoner was being held under the affidavit and warrant as above stated. It appears, after submission of the cause in the Court of Appeals, the State sought a writ of certiorari to bring up the minute entry of the County Court, from which the warrant committing the prisoner originated, so as to disclose an order of continuance entered therein. This petition for writ of certiorari was denied by the Court of Appeals as disclosed by the response of that Court on rehearing.

 With the conclusion of the Court on such petition we are in accord. But the matter thus sought to be introduced for the first time in the Court of Appeals was not, in our opinion, essential to the State's case. The mere fact that no action was taken by the State on June 3rd, when the preliminary trial was set for hearing, does not suffice to show a discontinuance of that proceeding by the State, nor is there elsewhere in the

record any indication of any such discontinuance. Smith v. State, 149 Ala. 53, 43 So. 129.

The presumption would be that the magistrate before whom the preliminary hearing was set, in the absence of anything to the contrary appearing, performed his duty by entering a continuance in the cause within the limitation of the law. Section 5227, Code of 1923.

So considered, therefore, the preliminary proceedings in the County Court were pending and undetermined when the petition for writ of habeas corpus was filed before the Probate Judge, and the jurisdiction of the County Court for the preliminary hearing having attached cannot be ousted by the defendant by filing a petition for writ of habeas corpus. The case of State v. Humphrey, 125 Ala. 110, 27 So. 969, cited approvingly in Pippin v. State, 156 Ala. 184, 47 So. 266, is decisive of this question.

The holding in the Humphrey case was to the effect that since jurisdiction of the justice had attached for the preliminary trial of the accused it could not be usurped or ousted by any other committing magistrate.

The opinion of the Court of Appeals assumes, without a discussion of the question, that the Probate Judge had jurisdiction on the petition for the writ of habeas corpus notwithstanding the pendency of the preliminary hearing in the county court. In this assumption there was error. The petition for writ of habeas corpus was prematurely and improperly presented and on the record before us its dismissal was fully justified for the reasons herein stated.

This question being preliminary and decisive of this appeal, that discussed in the opinion of the Court of Appeals is not here reached for consideration and may be left undetermined for the reasons herein stated. We think the judgment entered by the Probate Judge should be affirmed.

It results that the writ of certiorari is awarded and the judgment of the Court of Appeals is reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

Writ awarded. Reversed and remanded.

All the Justices concur.