Marcus G. Christ, J.
The relator stands charged in the District Court of the County of Nassau with a violation of section 43 of the Penal Law. His motion to dismiss the information was denied and on his arraignment the relator pleaded not guilty. At the time of arraignment, although he was free on bail in the sum of $500 the relator requested the cancellation of his bail in order to test the jurisdiction of the District Court by this proceeding on the ground that the information does not charge facts sufficient to constitute a crime. His request was granted and he surrendered himself into the custody of the Sheriff of Nassau County. The relator has been produced here on a writ of habeas corpus.
The information charges that the relator violated the provisions of section 43 of the Penal Law in that relator ‘ ‘ acted in *576 a manner which openly outraged public decency by telephoning to the (complainant) at her home — and stating in indecent and suggestive language ’ ’ that relator would like to commit an act of sodomy with her.
The relator contends that even if the allegations of the information be taken as true, the information fails to charge a crime. This contention is based upon the theory that words alone do not constitute an “ act ” within the meaning of the statute in question. Relator argues further that even if the words alleged to have been uttered over the telephone were an “ act ” within the contemplation of the statute, they nevertheless did not constitute an act which “ openly outrages public decency”.
It must be noted that these contentions were the basis upon which the relator demurred to the information in the District Court and they were rejected when that court denied relator’s attempt to dismiss the information.
There is thus presented at the outset on this application the question of whether the remedy of habeas corpus is available to the relator for the purpose of challenging the sufficiency of the information upon which all proceedings had in the District Court are based. The right to challenge an indictment or an information by the writ of habeas corpus is strictly limited. It is not to be employed as a substitute for a demurrer or a motion to dismiss an indictment or information (People ex rel. Childs v. Knott, 187 App. Div. 604, affd. 228 N. Y. 608; 39 C. J. S., Habeas Corpus, § 20). The situation presented on this application goes beyond attempting to substitute the writ of habeas corpus for a motion to dismiss. The relator has already made such a motion in the court in which the information was laid and which has unquestioned jurisdiction of the class of offenses set forth in the information here involved. That court has ruled adversely to the relator. By means of the writ of habeas corpus relator is seeking to have this court review the correctness of the District Court’s determination in denying his motion. The language of the opinion of the Court of Appeals affirming the court below in People ex rel. Childs v. Knott (supra, pp. 608-609) although directed at indictments is nevertheless apposite: ‘‘ If every question regarding the sufficiency of an indictment were reviewable by habeas corpus, the practice as outlined in the Code of Criminal Procedure would soon be a nullity. ’’ In that same opinion the court expressly noted that cases might arise in which the crimes charged or the facts stated were “ so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus ”, It is this court’s *577 judgment that no such extraordinary case is presented on this application.
There is another reason why habeas corpus is not available to the relator on the facts presented. Habeas corpus, whether viewed in its historical origin or in its modern application, is the efficient remedy for enforcing the right of personal liberty. It is designed to give relief to persons who are illegally detained or held in custody. By its very nature, the writ of habeas corpus is directed to the person who detains another. If the detention or restraint is voluntary, there exists no necessity for the issuance of the writ. Here the relator was free on bail and under no restraint. His detention by the Sheriff has been self-contrived and self-imposed by his voluntary act in having his bail cancelled and his surrender to the Sheriff. These things he did, concededly, for the express purpose of using habeas corpus as a vehicle for challenging the sufficiency of the information. This he may not do. (Matter of Stanridge, 23 Cal. App. 2d 95; Matter of Henderson, 133 Cal. App. 191; Matter of Ortiz, 71 Cal. App. 153; 39 C. J. S., Habeas Corpus, § 10.)
Having come to the conclusion that the court cannot consider this application, it is unnecessary to pass upon the sufficiency of the information and the court expresses no opinion in that respect.
The writ is dismissed.