**5 Div. 641.**

Court of Appeals of Alabama.

Nov. 3, 1964.

168 So.2d 628

**STATE of Alabama**

**v.**

**Junior C. RICHBURG and Robert D. Bradley.**

**1 Div. 5.**

Court of Appeals of Alabama.

Nov. 3, 1964.

496

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for appellant.

Jas. R. Owen, Bay Minette, for appellees.

PRICE, Presiding Judge.

Appellees filed their petition for a writ of habeas corpus before the Judge of Probate of Baldwin County, Alabama.

The petition alleges the fact of their imprisonment in the county jail "under a commitment issued on to-wit, June 3, 1964, by R. O. Burgess, a Justice of the peace in Baldwin County, Alabama, without a preliminary trial and your petitioners were bound over to await the action of the Grand Jury of Baldwin County, Alabama, or to await a preliminary hearing." The petition further alleges there was no probable cause for charging them with the commission of a crime; that appearance bonds were set at $5000, each, which amount is excessive; that by reason of the order of the justice of the peace in binding them over to await the action of the grand jury or holding them for a preliminary hearing without probable cause that they are illegally restrained of their liberty, although they have posted bond in the aforesaid sum and are now at liberty on said bonds.

■ The sheriff's return to the writ recited that the petitioners were not in his custody at that time nor at the time of the application for the writ.

Thereupon the petition was amended to show that since the filing of the original petition the Mobile Bonding Company has withdrawn from the bond; the petitioners have surrendered themselves to the Sheriff of Baldwin County, and they are now illegally restrained of their liberty "without possible cause to await the action of the grand jury or held for a preliminary hearing without probable cause."

At the hearing on the petition counsel for petitioners announced: "We withdraw the *appeal bond* in this case and surrender them to the sheriff and he now has them in his custody."

The solicitor insisted that the sureties on the bail bonds had not surrendered the principals in accordance with Section 209 of Title 15, Code of 1940, therefore the sureties were not released and the bonds were still in effect. A representative of the bonding company was present and upon being questioned by the judge, stated he was willing to come off the bond but it was his understanding that the only way his company could be released was by a compliance with Section 209, Code, supra, that he did not have a certified copy of the bond, but he understood it was "in transit" from Gulf Shores.

The probate judge stated he was overruling the state's demurrer to the petition, the ground of demurrer being that "it affirmatively appears on the face of the petition that Petitioners are no longer in the custody and that a writ of habeas corpus will not lie."

In the ensuing colloquy between counsel and the judge the judge indicated that he considered it incumbent upon the state to show probable cause for holding the petitioners and when the state announced it had no evidence to offer, the judge determined that the petitioners were illegally restrained of their liberty and entered an order discharging them. From this order the State appeals.

■ It is well settled that to entitle one to a writ of habeas corpus there must be actual or physical restraint, and a person at large on bail is not restrained of his liber-

ty so as to be entitled to a discharge on habeas corpus. Palmer v. State, 170 Ala. 102, 54 So. 271; Free v. State, 34 Ala.App. 127, 37 So.2d 149; Shuttlesworth v. State, 42 Ala.App. 34, 151 So.2d 734.

It is also well settled that such restraint must be involuntary, and habeas corpus is not available to an accused free on bail who contrives to have his bail cancelled and voluntarily surrenders himself to the sheriff for the purpose of securing the writ. Sullivan v. State ex rel. McCrory (Fla.), 49 So. 2d 794; People ex rel. Pasner v. Vollmer, 2 Misc.2d 575, 130 N.Y.S.2d 468; 39 C.J.S. Habeas Corpus § 10, p. 440; Annotation 77 A.L.R.2d p. 1311.

 The petitioners alleged and insist they were not given a preliminary hearing. Nothing to the contrary appearing, the presumption is that the justice of the peace entered a continuance of the cause under Title 15, Section 129, Code 1940. See Anderson v. State, 240 Ala. 169, 198 So. 169. The language of the court in Ex parte Simpson, 3 Ala.App. 222, 57 So. 518, is applicable here:

"The rule seems to be well settled that when an affidavit is made before a committing magistrate, charging the defendant with the commission of an offense as to which such magistrate has only the jurisdiction to hold a preliminary trial, the defendant remains within the jurisdiction of such magistrate until after the preliminary trial is held. If the magistrate refuses to grant a preliminary trial, he can be compelled to do so by a writ of mandamus; but the petition for a writ of habeas corpus cannot be filed, praying for the discharge of such a defendant, until after the preliminary trial is had. Humphrey's Case [State v. Humphrey], 125 Ala. 112, 27 South. 969."

On the question of excessive bail, this statement appears in 25 Am.Jur., Habeas Corpus, Sec. 88, p. 210:

"It is a general rule that habeas corpus lies to procure the discharge upon bail in a proper amount of one who is held under excessive bail, provided, in some jurisdictions, that application has been first made to the lower court for reduction of the amount of bail. But the writ will not issue where the accused has given the required bond and is no longer detained by the officer from whose custody he seeks to be discharged."

The judgment appealed from is reversed and judgment is here rendered dismissing the writ and remanding appellees to be dealt with according to law.

Reversed and rendered.