[Crim. No. 1039.   In Bank.—June 6, 1903.]

## In re P. GEORGE GOW, on Habeas Corpus.

HABEAS CORPUS—ACCUSED PERSON AT LARGE—VOLUNTARY AND NOMINAL CUSTODY—DISMISSAL.—A person accused of violating an ordinance, who had been allowed to go at large on his own recognizance, will not be permitted to test the legality of his imprisonment upon writ of *habeas corpus*, where it appears that his custody was invited and voluntarily submitted to before trial for that purpose only, without any actual imprisonment or restraint, and his nominal imprisonment remained such only so long as was necessary to file the petition and procure the order for the writ. In such case the proceeding upon the writ will be dismissed.

WRIT of *habeas corpus* to H. J. Lucas, Constable of San Rafael Township, Marin County.

The facts are stated in the opinion of the court.

James K. Hawkins, and Charles W. Slack, for Petitioner.

[1] 45 Am. St. Rep. 40.

BEATTY, C. J.—A writ of *habeas corpus* was issued upon a petition in behalf of P. George Gow, alleging that he was unlawfully restrained of his liberty. Upon the return to the writ it was shown to the court that the said Gow, who had been arrested for an alleged violation of an ordinance of Marin County regulating the use of automobiles, had been allowed by the magistrate to go at large upon his own recognizance pending a trial of the charge; that before trial he had surrendered or attempted to surrender himself to the custody of the arresting officer; that his surrender to the officer was merely for the purpose of suing out this writ, and lasted no longer than necessary to file the petition and procure the order.

The growing frequency of applications of this character, by which the more important business of the court is seriously impeded, has led us to consider whether it is not an abuse of the remedy by *habeas corpus* to apply it in cases where there is no actual imprisonment and no restraint, except that which is invited and voluntarily submitted to in order that a merely nominal prisoner may resort to the courts for the determination of the validity of an ordinance or some question of that sort.

Our conclusion is, that such a practice ought not to be countenanced, and hereafter the court will make strict inquiry in this class of cases whether the alleged imprisonment is actual and involuntary, and if it is found to be, as in this case, a merely nominal restraint, voluntarily submitted to for the purpose of making a case, the proceeding will be dismissed. No blame is imputed to counsel in this case for following the practice heretofore tolerated in similar cases. But we find it necessary in the interest of more important litigation to reform the practice.

Proceeding dismissed.

Shaw, J., Angellotti, J., Van Dyke, J., McFarland, J., and Lorigan, J., concurred.