## *In re* JAMES DYKES AND FRANK BAKER.

(Filed September 10, 1903.)

1. HABEAS CORPUS—Prisoner on Bail not Entitled to. One who has been arrested upon an indictment pending in the district court, and enters into a bond for his appearance, and is discharged from custody, is not entitled to a writ of habeas corpus for the purpose of procuring his discharge because he has not had a speedy trial. It is only one who is under physical and not simply moral restraint that can invoke this remedy.

2. SAME—Person not Entitled to, When. Where the petitioner is not in actual custody, but is on bail, this court will not take jurisdiction of the case and grant a writ of habeas corpus upon the stipulation of the county attorney that the petitioners may be considered in custody for the purpose of the hearing.

3. SAME—Dismissed, When. Where a defendant in a criminal cause is on bail, and voluntarily surrenders himself, or where it is shown that the restraint is collusive, for the purpose of making a case on habeas corpus, the proceeding will be dismissed.

4. SAME. This court will not interfere by habeas corpus to discharge a person indicted for a crime until after such person has applied to the trial court for the appropriate relief.

(Syllabus by the Court.)

### *Original Proceeding in the Supreme Court.*

*J. A. Baker,* for petitioner.

*S. H. Cunningham, County Attorney,* for respondent.

Opinion of the court by

BURFORD, C. J.: The petitioners were at the February term, 1902, of the district court of Comanche county, indicted for the crime of grand larceny. They were arrested and admitted to bail, and have been at liberty' ever since. They claim that they have not had a trial as required by section 5419, stat. 1893, and they ask this court to discharge them on *habeas corpus.* It is conceded that they are not in custody, but the county attorney has stipulated that for the

purposes of this hearing, it may be considered that they are in the custody of the sheriff. We cannot consent to acquire jurisdiction in this manner. The supreme court of Kansas, in the case of *In re Dill*, 11 Pac. 672, refused to entertain a petition for *habeas corpus* where there was no actual imprisonment, and the sheriff had colluded with the petitioner to allow him to voluntarily surrender in order to enable him to prosecute his action for discharge. And the supreme court of California, in a very recent case, *In re Gow*, 73 Pac. 145, said:

"* * * The growing frequency of applications of this character, by which the more important business of the court is seriously impeded, has led us to consider whether it is not an abuse of the remedy by *habeas corpus*. * * * Our conclusion is that such a practice ought not to be countenanced, and hereafter the court will make strict inquiry in this class of cases whether the alleged imprisonment is actual and involuntary, and if it is found to be as in this case a merely nominal restraint, voluntarily submitted to for the purpose of making a case, the proceeding will be dismissed."

We cheerfully approve this doctrine. The law is well settled that a prisoner on bail is not entitled to the benefit of the writ of *habeas corpus*. The writ is for the benefit of those unlawfully restrained of their liberties, and this means physical, and not moral restraint. (*Ex Parte Complaced*, 26 Tex. 387; *Territory v. Cutter et al.*, 1 Kan. 565; *In re Walker*, 53 Miss. 366; *Spring v. Dohlman*, 34 Neb. 692; *Republica v. Arnold*, 3 Yeates 263 [Pa.]; Church on Habeas Corpus, sec. 89; *In re Brydon*, 43 Pac. 691; 15 Am. & Eng. Ency. Law, p. 159; *Wales v. Whitney*, 114 U. S. 564.)

There are other reasons why the petitioners are not entitled to this relief. It is not alleged in the petition, or

shown in the stipulation, that they have ever applied to the district court of Comanche county for discharge. The statute, sec. 5707, provides: "If a defendant prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment is triable after it is found, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown." The power conferred in this statute, to dismiss the prosecution, is imposed upon the court where the indictment is triable. This court on *habeas corpus* has no power to dismiss an indictment in the district court. It may discharge a prisoner from custody when he is wrongfully restrained, but in this case an order discharging from custody would be futile, as the petitioners are not under any physical restraint. They are free to go when and where they please, and the only obligation resting upon them is one requiring their attendance upon court when required for trial of the charge against them. The district court has the power to dismiss the indictment, but they have not invoked this remedy, and the case comes within the rule announced by the supreme court of New Jersey in a case arising under similar statute. That court said the petitioners must first apply to the court having power to dismiss the case against them, and until they have done this, the supreme court will not entertain a petition for *habeas corpus*. (*Patterson v. State,* 49 N. J. Law, 326.)

And in the case of *In re Lancaster,* 137 U. S. 393, the supreme court of the United States declined to interfere by *habeas corpus* to discharge the petitioner from an indictment pending in the circuit court until after he had invoked the

action of the circuit court upon the sufficiency of the indictment, and this rule is based upon sound reason.

The court where the proceedings are pending is competent to inquire into the reasons for the delay, and can do so more speedily, cheaply and satisfactorily to the litigants than can this court. It is held in a number of cases, whether sound or not we do not undertake to say, that *habeas corpus* will not lie in this class of cases, but that the action must be by motion in the trial court, and by appeal if there is an adverse decision.

The petitioners have not shown themselves entitled to the remedy asked for in this case, and the writ is denied at the costs of the petitioners.

Gillette, J., absent; all the other Justices concurring.