[Crim. No. 1380.   In Bank.—March 14, 1907.]

Ex Parte EUGENE E. SCHMITZ, on Habeas Corpus.

HABEAS CORPUS—VOLUNTARY CUSTODY—DISMISSAL OF PROCEEDINGS.—A proceeding by a prisoner under indictment to be discharged on *habeas corpus* from the custody of the sheriff will be dismissed if it appears upon the hearing that the alleged custody from which he seeks to be discharged was self-invoked and voluntary and submitted to only for the purpose of making a case on *habeas corpus*.

The facts are stated in the opinion of the court.

APPLICATION for a Writ of Habeas Corpus.

Campbell, Metson & Drew, and J. J. Barrett, for Petitioner.

William H. Langdon, District Attorney, and Francis J. Heney, Assistant District Attorney, for Respondent.

THE COURT.—The petitioner, against whom has been found and presented an indictment purporting to charge him with the crime of extortion, seeks his discharge on *habeas corpus* from the custody of the sheriff of the city and county of San Francisco upon two grounds, viz.: 1. That one of the grand jurors who participated in the finding of the indictment was incompetent to act as a grand juror, by reason of the fact that he had served and been discharged as a juror by a court of record of this state, within a year of the time that he was examined and impaneled to act as such grand juror; and 2. That the indictment does not charge a public offense.

Upon the hearing it was made to appear to this court, in fact expressly admitted by the petitioner, that being at large upon bail, he had procured himself, immediately before the application for a writ of *habeas corpus,* to be surrendered to the custody of the sheriff, solely for the purpose of presenting these questions for determination by this court, and that immediately upon the issuance of the writ he gave bail, in the same amount as had been previously required upon the indictment—in other words, that the alleged custody from which he seeks to be discharged was self-invoked and voluntary, submitted to only for the purpose of making a case on *habeas corpus.*

We are unable to see why these circumstances do not bring this case fully within the rule laid down in the case of *In re Gow,* 139 Cal. 242, [73 Pac. 145]. It there appeared that the surrender to the officer was merely for the purpose of suing out the writ, and lasted no longer than was necessary to file the petition and procure the order. It was there declared to be an abuse of the remedy by *habeas corpus* to apply it in cases where there is no actual imprisonment and no restraint, except that which is invited and voluntarily submitted to in order that a merely nominal prisoner may resort to the courts for the determination of the validity of an ordinance, or some question of that sort. It was said: "Our conclusion is, that such a practice ought not to be countenanced, and

hereafter the court will make strict inquiry in this class of cases whether the alleged imprisonment is actual and involuntary, and if it is found to be, as in this case, a merely nominal restraint, voluntarily submitted to for the purpose of making out a case, the proceeding will be dismissed.'' We deem the rule here declared a most salutary one, entirely in accord with the objects and purposes of the remedy by *habeas corpus,* and adhere thereto. (See, also, *In re Dykes,* 13 Okla. 339, [74 Pac. 506] ; *In re Dill,* (Kan.) 11 Pac. 672; *Commonwealth* v. *Green,* 185 Pa. St. 641, [40 Atl. 96] ; 21 Cyc. 290.) The writ is discharged and the proceeding is dismissed.