[Crim. No. 119. Third Appellate District.—June 6, 1910.]

In the Matter of the Application of DAVE MILLER for a Writ of Habeas Corpus.

CRIMINAL LAW—MISDEMEANOR—LICENSE TAX UNDER COUNTY ORDINANCE NOT PUNISHING NONPAYMENT—PUNISHMENT UNDER PENAL CODE—HABEAS CORPUS.—The fact that a county ordinance imposing a license tax to be paid to the tax collector on the business of raising, grazing, herding and pasturing cattle within the county does not denounce the nonpayment of the tax as a crime, cannot entitle one charged with such nonpayment as a misdemeanor under section 435 of the Penal Code to be released on *habeas corpus.*

ID.—CONSTRUCTION OF PENAL CODE—"LAW OF STATE"—ORDINANCES INCLUDED.—Under section 435 of the Penal Code, providing that "Every person who commences or carries on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law is guilty of a misdemeanor," the words "any law of this state" include ordinances of counties and municipalities."

ID.—LICENSE TAX ON BUSINESS OF RAISING, GRAZING, HERDING AND PASTURING CATTLE NOT FOR REVENUE — POLICE POWER — DISCRETION.—A tax on the business of raising, grazing, herding and pasturage of cattle within the county, imposed by a county ordinance, is not a tax for the purpose of raising revenue; but it is a proper exercise of the police power of the county which is extensive, and in the exercise of which a very wide discretion as to what is needful and proper is necessarily committed to the legislative body in which the power to make such laws is vested.

ID.—MANNER AND EXTENT OF REGULATION—POWER OF COURTS.—The manner and extent of such regulation are primarily legislative ques-

tions, and the courts will not interfere unless it clearly appears that the legislative body has under the guise of regulation imposed an arbitrary or unreasonable burden upon the use of property or the pursuit of an occupation. It is a judicial question whether a particular regulation of the right to pursue a lawful business is a valid exercise of the police power, though the power of the court to declare any regulation invalid will be exercised with the utmost caution.

ID.—ORDINANCE MUST BE SHOWN TO BE UNREASONABLE.—An ordinance must be clearly shown by the attacking party to be clearly unreasonable to authorize the interference of the court.

ID.—PRESUMPTION OF REASONABLENESS.—The presumption is in favor of the reasonableness of the license tax imposed by a county ordinance. The county in imposing it is not limited to the exact amount of the expense as it may subsequently develop. What expense the county will be put to in the enforcement cannot be determined by the expense of the ordinance itself.

ID.—EVIDENCE SHOWING REASONABLENESS.—Where the evidence adduced shows that the amount to be realized from the tax on all owners of cattle is comparatively small, and appears reasonable in view of the probable expense to the county that may be caused by the business, even though the amount of such expense is not definitely stated, it cannot be said the presumption is overcome that such expense may approximate the amount of the tax, or that the board was not entirely justified in concluding the tax was proper to meet a reasonable anticipated expense.

ID.—HABEAS CORPUS—VOLUNTARY AND INVITED SURRENDER TO SHERIFF—ABSENCE OF CONTROL BY SHERIFF—DISMISSAL OF WRIT.—Where the return of the sheriff to the petition for the writ of *habeas corpus* shows that the petitioner came to him and voluntarily surrendered himself to the sheriff, who did not take control over him, it sufficiently appears that if at the very moment when the writ was applied for he was in the custody of the officer, it was only momentary, and invited to obtain a decision on the validity of the ordinance. This practice is not within the spirit of the *habeas corpus* act, and cannot be countenanced by the court; and the writ will be dismissed on that ground.

PETITION for writ of *habeas corpus*.

The facts are stated in the opinion of the court.

Edward F. Treadwell, for Petitioner.

Pat R. Parker, for Respondent.

BURNETT, J.—The petitioner was charged in the justice court of Bridgeport township, county of Mono, with misdemeanor in having commenced and carried on within said county "the business of raising, grazing, herding and pasturing cattle without having taken out or procured a license therefor, as required by an ordinance of the board of supervisors of said county."

The said ordinance requires on the part of everyone engaged in such business the payment to the tax collector of the sum of seven cents for each cow, heifer, bull or bullock owned by, in the possession or under the control of such person and used in such business in Mono county.

It is claimed that petitioner is entitled to his discharge for two reasons: First, the ordinance does not provide that the act complained of shall be a crime; and secondly, the ordinance is "unreasonable, unconstitutional and void, and was not passed for the purpose of regulating the business therein referred to, but was passed solely for the purpose of raising revenue."

The ordinance does indeed omit to denounce as a crime the failure to secure said license, but petitioner was amenable to prosecution by virtue of section 435 of the Penal Code, providing that "Every person who commences or carries on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by any law of this state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor." It has been held by the supreme court that "Any law of this state" includes ordinances of counties and municipalities. (*Ex parte Christensen*, 85 Cal. 208, [24 Pac. 747]; *Ex parte Mansfiels*, 106 Cal. 400, [39 Pac. 775]; *Ex parte Bagshaw*, 152 Cal. 701, [93 Pac. 864].)

The second ground of attack is equally untenable. It is well settled that the "police power, the power to make laws to secure the comfort, convenience, peace and health of the community, is an extensive one, and in its exercise a very wide discretion as to what is needful or proper for the purpose is necessarily committed to the legislative body in which the power to make such laws is vested." (*Ex parte Whitwell*, 98 Cal. 73, [35 Am. St. Rep. 152, 32 Pac. 870].)

"The manner and extent of such regulation are primarily legislative questions, and the courts will not interfere unless it clearly appears that the legislature has, under the guise of regulation, imposed an arbitrary or unreasonable burden upon the use of property or the pursuit of an occupation." (*County of Plumas* v. *Wheeler*, 149 Cal. 762, [87 Pac. 911].)

"It is always a judicial question whether a particular regulation of the right to pursue a useful business is a valid exercise of the police power, though the authority of the courts to declare any regulation invalid will be exercised with the utmost caution. An ordinance must be clearly shown by the attacking party to be obnoxious and unreasonable to authorize the interference of the court." (*In re McCoy*, 10 Cal. App. 116, [101 Pac. 419].)

And, as stated in *County of Plumas* v. *Wheeler*, 149 Cal. 762, [87 Pac. 911] : "It is to be remembered that the presumption is in favor of the reasonableness of the charge, and that the county is not limited to the exact amount of the expense, as it may subsequently develop. 'The municipality is at liberty to make the charge large enough to cover any reasonable anticipated expense.' (*Atlantic etc. Tel. Co.* v. *Philadelphia*, 190 U. S. 160, [23 Sup. Ct. Rep. 817].) . . . What expense the county will be put to in the enforcement of the ordinance cannot be determined from an inspection of the ordinance itself. . . . To arrive at the amount of such expense it would be necessary to consider the topographical conditions of the county, the extent of the industry as practiced there, the effect of the industry on the roads, trails and other public property of the county, the probable cost of prosecutions for violations of the ordinance and any other matters having a reasonable tendency to indicate the cost to which the county would be subjected by the business sought to be regulated." It was there held that a tax of ten cents per head upon sheep and lambs in the absence of evidence as to cost of regulation could not be adjudged unreasonable.

Some evidence was taken in the matter before us, but it cannot be said that it clearly appears therefrom that the tax in question is unreasonable and oppressive. The amount realized from the license is comparatively small and the showing made by petitioner falls far short of that considered by this court in the McCoy case (10 Cal. App. 116, [101 Pac. 419]).

The amount of tax upon all the owners of the cattle does not exceed—so it is admitted—the sum of $700 a year and some years it is much less.

This certainly appears quite reasonable in view of the probable expense to the county that may be caused by the business, and while the evidence as to this is unsatisfactory and indefinite, it cannot be said that the presumption is overcome that said expense may approximate the amount of the tax, or that the board of supervisors was not entirely justified in concluding that the tax was proper to meet "a reasonable anticipated expense."

But there is another reason why the application should be denied, and that is found in the return of the sheriff, "That on November 1, 1909, the said Dave Miller did come to me as said sheriff, and state that he desired to surrender himself to my custody, and release his bail, and whatever custody or control I now have is solely under this surrender. Upon the said Dave Miller thus surrendering himself I did not assume actual custody or control of the person of the said petitioner, and he was permitted his own recognizance, and has never by me been in restraint or jeopardy." It thus appears that, if at the very moment the petitioner applied for the writ he was in the custody of the officer it was only momentary and voluntary, and invited for the purpose of obtaining a decision as to the validity of said ordinance. This practice is said to be not within the spirit of the *habeas corpus* act, and not to be countenanced by the courts. In the case of *In re Gow*, 139 Cal. 243, [73 Pac. 145], the practice is condemned in the following language: "Our conclusion is that such a practice ought not to be countenanced, and hereafter the court will make strict inquiry in this class of cases whether the alleged imprisonment is actual and involuntary, and if it is found to be, as in this case, a merely nominal restraint, voluntarily submitted to for the purpose of making a case, the proceeding will be dismissed."

For the foregoing reasons, the writ is discharged and the proceeding dismissed.

Chipman, P. J., and Hart, J., concurred.