[Criminal No. 516.   Filed October 19, 1921.]

[201 Pac. 94.]

In the Matter of the Application of CHARLES BEAVER for a Writ of Habeas Corpus. CHARLES BEAVER, Appellant, v. STATE, Respondent.

1. Habeas Corpus—Sufficiency of Evidence Determined on Habeas Corpus.—Under Penal Code of 1913, section 1359, subdivision 7, providing that, if it appear on the return of the writ of *habeas corpus* that the petitioner has been committed on a criminal charge without reasonable or probable cause, he may be discharged, the sufficiency of the evidence may be determined on *habeas corpus.*

2. HABEAS CORPUS — EVIDENCE OF HOMICIDE AT PRELIMINARY TRIAL
   HELD INSUFFICIENT.—In a preliminary trial of one charged with
   murder, the evidence, failing to show that deceased came to his
   death by criminal means, and nothing to connect the petitioner
   with the homicide, except the fact that petitioner was seen going
   away from the building immediately after the shooting, *held*
   insufficient, and accused entitled to discharge on *habeas corpus*.

APPEAL from a judgment of the Superior Court
of the County of Yavapai.   E. Elmo Bollinger, Judge.,
Reversed.

Mr. J. E. Russell and Mr. Leo T. Stack, for Appellant.

Mr. W. J. Galbraith, Attorney General, and Mr.
John L. Sullivan, County Attorney, for the State.

ROSS, C. J.—This case comes to this court upon
appeal from an order of the superior court of Yavapai county, made in a *habeas corpus* proceeding refusing to discharge the appellant from custody.   The
appellant upon a charge of murdering one Ed. F.
Bowers on the first day of July, 1921, had been preliminarily tried before a magistrate and committed,
without bail, to appear and answer before the superior court.   His petition for writ of *habeas corpus*
alleged that his imprisonment was illegal for the
reason that he had been committed without reasonable
or probable cause.   Attached to his petition was a
full and true transcript of the testimony taken at the
preliminary.   The testimony was that of the sheriff
of Yavapai county, Warren G. Davis, and one Charles
P. Myers.

The sheriff, after giving his name, stated that he
was called to Weaver Street, Prescott, about 4 o'clock
P. M. on the first day of July, and when he arrived
there he found that Ed. Bowers had been shot and
killed.   Myers testified that on the first day of July
he heard four or five shots about 4 o'clock in the af-

ternoon, and that he looked toward the house where the shots were being fired, and saw splinters flying from the building in which the shots were being fired; that the house was on Weaver Street about 160 feet away; that soon after he heard the shots he saw the petitioner, Beaver, going away from the house.

This evidence falls far short of what should be shown in order to hold a person upon a criminal charge. It fails to show that Ed. Bowers came to his death by criminal means in the first place. It would be as reasonable to assume from a reading of the evidence that he was accidently shot, or shot under justifiable or excusable circumstances. In the second place, there is nothing to connect the petitioner with the homicide except the bare fact that he was seen going away from the building immediately after the shooting. So far as the evidence shows his errand might have been for surgical or medical aid, or to report to the peace officers what had happened. Since the evidence failed to show that any crime whatever had been committed, it is quite plain that under the provisions of subdivision 7, section 1359, Penal Code, and in accordance with the decision of this court in *Ex parte Sanders, ante,* p. 20, 201 Pac. 93, the court should have discharged the appellant.

The judgment of the lower court is reversed, and the cause remanded for further proceedings in accordance herewith.

McALISTER and FLANIGAN, JJ., concur.