[Crim. No. 1162.  Second Appellate District, Division Two.—February 5, 1925.]

In the Matter of the Application of M. E. ORTIZ for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—VIOLATION OF ORDINANCE—DETERMINATION OF CONSTITUTIONAL QUESTIONS—CHARACTER OF RESTRAINT.—A writ of *habeas corpus* will not be granted where a petitioner therefor, who had been taken into custody for violation of a city ordinance, withdrew his bail in a nominal sum and thereupon submitted himself to custody for the sole purpose of making application for the writ of *habeas corpus* as a means by which to procure the determination of certain constitutional questions, and not at all for the purpose of procuring his release from an irksome restraint.

(1) 29 C. J., p. 23, n. 72.

PROCEEDING on Habeas Corpus to secure release from custody on charge of violating city ordinance. Writ discharged. Petitioner remanded.

The facts are stated in the opinion of the court.

Walter W. Hoye for Petitioner.

Right to *habeas corpus* in case of bail, parole, or voluntary surrender, note, 35 L. R. A. (N. S.) 882. See, also, 12 R. C. L. 1188; 13 Cal. Jur. 221.

J. M. Friedlander, City Prosecutor, for Respondent.

WORKS, J.—Petitioner, claiming to be under imprisonment upon a charge of having violated the terms of a certain ordinance of the city of Los Angeles, contends for his release under the writ of *habeas corpus*. Respondent insists that petitioner is not restrained of his liberty, as that term is to be understood when considering the right to the writ, and that, therefore, the writ must be refused.

Petitioner was taken into custody upon a charge of having violated the provisions of the ordinance. Of this there is no doubt. The undisputed showing of the record is, however, that he was admitted to cash bail in the sum of twenty dollars by the court in which he was charged. Upon the giving of this bail he was released from custody. Later he withdrew the bail and submitted his person to restraint under the charge. Immediately thereafter he made application to this court in the present proceeding for the writ of *habeas corpus*. He was thereupon here admitted to bail in the sum of one hundred dollars. This bail he at once gave and he ever since has been at large.

[1] From these circumstances there is but one inference justly to be drawn: Petitioner withdrew his bail in the nominal sum of twenty dollars and thereupon submitted himself to custody for the sole purpose of making application for the writ of *habeas corpus* as a means by which to procure the determination of certain constitutional questions, and not at all for the purpose of procuring his release from an irksome restraint. The courts have often been called upon to deal with similar cases. (See *In re Gow*, 139 Cal. 242 [73 Pac. 145]; *Ex parte Schmitz*, 150 Cal. 663 [89 Pac. 438]; *In re Miller*, 13 Cal. App. 564 [110 Pac. 139]; *Matter of Ford*, 160 Cal. 334 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757]; *In re Bernson*, 35 Cal. App. 344 [169 Pac. 916].) The principle of these cases exactly fits the present application.

Writ discharged. Petitioner remanded to custody.

Finlayson, P. J., and Craig, J., concurred.