[Crim. No. 1552. Second Appellate District, Division One.—September 19, 1927.]

In the Matter of the Application of DAN GILKEY for a Writ of Habeas Corpus.

Welburn Mayock for Petitioner.

CONREY, P. J.—Pursuant to a complaint filed in the justice's court of Temescal township, county of Riverside, charging the defendant therein (petitioner here), with the commission of a felony, defendant was arrested and after examination was committed and ordered to be held for trial on information to be filed in the superior court. The defendant, however, in accordance with the magistrate's order admitting him to bail, filed an undertaking of bail and is not in actual custody. Nevertheless, he alleges that he has been held without probable cause, and that under these circumstances he is entitled to test by writ of *habeas corpus* the validity of the order of commitment.

We are of the opinion that the writ of *habeas corpus* does not lie where the petitioner, or person on whose behalf the petition is filed, is not imprisoned or under actual restraint. "In other words, he must be in such control or custody of the person against whom the petition is directed that his body can be produced at the hearing by the said custodian or restrainer." (*Palmer* v. *State*, 170 Ala. 102 [54 South. 271]. See, also, note to same case, Ann. Cas. 1912C, 951.)

The petition is denied.

Houser, J., and York, J., concurred.