[Civil No. 2677. Filed December 19, 1927.

[262 Pac. 10.]

In the Matter of the Application of ACE NEWMAN
for a Writ of Habeas Corpus.

Messrs. Clark & Clark and Mr. R. B. Westervelt,
for Appellant.

Mr. W. E. Patterson, County Attorney, and Mr. John W. Murphy, Attorney General (Mr. Clarence R. Lynch, of Counsel), for Appellee.

ROSS, C. J.—This is an appeal from an order of the superior court of Yavapai county, made on July 5th, 1927, in a *habeas corpus* proceeding, refusing to discharge and release appellant from custody. The ground upon which the right of discharge was claimed in the petition for writ was that the appellant had been "committed on a criminal charge without reasonable or probable cause."

The statute law and the decisions of the state confirm the right of a person so committed to be released from restraint, and for that purpose he may properly resort to the writ of *habeas corpus.* Subdivision 7, § 1359, Pen. Code 1913; *In re Sanders,* 23 Ariz. 20, 17 A. L. R. 980, 201 Pac. 93; *In re Beaver,* 23 Ariz. 24, 201 Pac. 94.

The petition for the writ charged that appellant was restrained of his liberty by the sheriff of Yavapai county, and the writ was directed to such officer, with the command that he have the body of the appellant, at a time therein mentioned, before the court, together with the time and cause of his imprisonment and detention. However, at the time of the filing of the petition, and at the time of the hearing thereon, appellant was at large on bail. He was not in the custody of the sheriff, and that officer could not produce his body as commanded. Appellant would have us overlook the actual facts and view the proceeding as though he were under restraint, because, he says, the lower court did so, and because the return to the writ by the sheriff was not on file until several days after the hearing.

The court's order denying the writ does not show the reason for such denial. If under the facts the

order was justified, we think it is immaterial whether it was on a proper legal ground or not. If the order finds sanction in law, it should be upheld. At the time of the filing the petition, and at the hearing thereon, the appellant, of course, knew that he was out on bail, and we hardly think the court would have acted upon the petition in the absence of the return thereon by the sheriff except he had a knowledge of what the return would be. If we should look to the evidence taken upon the preliminary trial and conclude that it failed to show that any offense whatever was committed by appellant, or, if one was committed, that no sufficient cause appeared to believe him guilty thereof, we think upon the record as it existed at the time no other order than the one made would have been legal or proper. The statute (§ 1359, Pen. Code) provides:

"If it appear, on the return of the writ of *habeas corpus,* that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any one of the following cases, subject, however, to the restrictions of the last section: . . .

"(7) Where a party has been committed on a criminal charge without reasonable or probable cause."

The office of the writ of *habeas corpus* has always been, and by virtue of the above statute is, to secure one's liberty from actual restraint or custody. A party out on bail is as much at liberty as anyone else. He may come and go as he pleases. If he is in anybody's custody, it is that of his bondsmen, and such custody is only nominal or constructive. He is neither actually nor constructively in the custody of the sheriff.

The charge in the petition for writ that the sheriff had appellant in his custody and was restraining him of his liberty was not true, and an order of the court directing the sheriff to release him from custody

would have been of no avail and impossible of execution. We think the general rule is that *habeas corpus* does not lie to secure the release of one at large on bail. An actual or physical restraint is required in order that such a writ may issue. *Johnson* v. *Hoy,* 227 U. S. 245, 57 L. Ed. 497, 33 Sup. Ct. Rep. 240; *Sibray* v. *United States* (C. C. A.), 185 Fed. 401; *Hyde* v. *Nelson,* 287 Mo. 130, 229 S. W. 200, 14 A. L. R. 339, and note at 344.

*In re Weller,* 20 Ariz. 194, 178 Pac. 981, we had before us the question of the right of one who voluntarily surrenders himself into custody to a discharge therefrom by aid of the writ of *habcas corpus.* In such case, while the petitioner was actually in custody, it was self-imposed and not compulsory, and, following the rule announced in other jurisdictions, we held that one cannot voluntarily surrender himself into custody and thereafter secure a discharge by the aid of this writ. It would seem, if one cannot secure his discharge in such circumstances, he ought not to be permitted to resort to the writ to secure his release when he is not in custody or in any way restrained of his liberty.

The rule thus stated may seem to work a serious hardship upon a party who is not shown by the record to have committed any offense, but under our law as it is now written he must look for relief in other procee ings.

We think the order of the court refusing to discharge the appellant was correct, and it is therefore affirmed.

LOCKWOOD and McALISTER, JJ., concur.