374 P.2d 878

In the Matter of the Petition for Writ of Habeas Corpus, by O. D. WALKER.

O. D. WALKER, Petitioner,

v.

Cal BOIES, Sheriff of Maricopa County

and

Charles N. Ronan, County Attorney of Maricopa County, Respondents.

No. 7623.

Supreme Court of Arizona,

En Banc.

Oct. 3, 1962.

Robert J. Welliever, Phoenix, for petitioner.

Charles N. Ronan, County Atty., Maricopa County, and Walter Kessler, Deputy County Atty., for respondent.

UDALL, Vice Chief Justice.

The petitioner O. D. Walker, defendant in this action, was arrested and booked in Maricopa County jail four times during the months of June, July and August of 1961 on separate charges of grand theft by false representations. He was bound over to the superior court on three of the four charges, and three separate informations were filed against him in the superior court. Subsequently the charges were consolidated for trial.

The defendant posted bail and was released from custody, which release has continued to the present time with the exception that from 1:30 p. m. on the 10th day of May 1962 until 9:39 a. m. on the 11th day of May 1962 the defendant was in the custody of the respondent, L. C. "Cal" Boies, Sheriff of Maricopa County.

While defendant was in the custody of respondent, application for a writ of habeas corpus was made on his behalf, but promptly upon issuance of the writ and the sign-

ing of the order setting the time for hearing the defendant procured his release again by posting bail on the 11th day of May 1962.

Three questions are raised by the petition for habeas corpus:

First, it is contended the confinement of defendant in the Marcopa County jail on that date was involuntary and that there was such a restraint of defendant as would permit him to gain his freedom by habeas corpus. The facts show that he presented himself, with his surety, at the office of the sheriff of Maricopa County on the 10th day of May 1962 and requested that the bond in Cause No. 38963 be revoked, and thereupon he surrendered himself to the custody of the sheriff. The bond was revoked and defendant remained in custody until the next morning. During this interval of time he caused an application for writ of habeas corpus to be issued in his behalf.

■ It is apparent that the defendant, of his own volition and not by order of the court, caused the bond to be revoked. It also appears that by his own free act and without legal compulsion he posted bail on May 11th and procured his release.

The principle of law involved in this problem was discussed by us in the case of In Re Weller, 20 Ariz. 194, 178 P. 981. We there said:

"* * * the right to a writ of habeas corpus to determine the illegality of a detention under criminal process is not intended to apply, and may not be invoked, when the imprisonment which is made the basis of its issuance is self-invited and the surrender by the sureties is made at the instance of the petitioner, and is solely for the purpose of making a case on the face of the petition to which the provisions of the habeas corpus act will apply.

"We are satisfied that the rule adopted in California and other jurisdictions, refusing parties the use of this writ, except in cases where the imprisonment is without the consent and connivance of the party seeking its use, should be enforced. We think, where the restraint is voluntary, it is not the kind of restraint that the writ of habeas corpus was intended to be used to investigate or relieve from."

We are of the opinion that defendant's confinement in the Maricopa County jail was procured by him for the purpose of making a case on the face of the petition to which the provisions of the habeas corpus act would apply and that his confinement was voluntarily brought about.

The defendant next contends that if the court determines the confinement was voluntary the writ of habeas corpus is nonetheless available to him even though he is released on bond and is not incarcerated in a jail or penitentiary.

■ The law in Arizona seems to be well settled that where one voluntarily places himself in the custody of the sheriff for the sole purpose of effecting a writ of habeas corpus such a procedure is disapproved by this court. In Re Newman, 33 Ariz. 41, 262 P. 10, a case in which the petitioner was out on bail, we held:

"The office of the writ of habeas corpus has always been * * * to secure one's liberty from actual restraint or custody. A party out on bail is as much at liberty as anyone else. He may come and go as he pleases. If he is in anybody's custody, it is that of his bondsman, and such custody is only nominal or constructive. He is neither actually or constructively in the custody of the sheriff."

See also In Re Weller, supra.

It is contended by the defendant that these Arizona cases should be overruled in favor of the more logical and enlightened rule which makes available the writ of habeas corpus to one who is out on bond. In support of this contention he cites the California case of In Re Petersen, 51 Cal. 2d 177, 331 P.2d 24, 77 A.L.R.2d 1291, in which it is claimed that the writ of habeas corpus was made available to a defendant who was out on bond awaiting trial. In the Petersen case the petitioner, charged with violation of a municipal ordinance, was being held in custody for trial. Habeas corpus was applied for and while the court was considering the petition the municipal court admitted the petitioner to bail. The question presented: Was habeas corpus a proper remedy when the petitioner was out on bail? The Supreme Court of California, in disposing of the matter, stated:

"We conclude that, under the circumstances present here, habeas corpus is an appropriate remedy even though bail has been allowed. The cases of Matter of Ford, 160 Cal. 334, 342, 116 P. 757, 35 L.R.A.,N.S., 882; Ex Parte Schmitz, 150 Cal. 663, 89 P. 438; In re Gilkey, 85 Cal.App. 484, 259 P. 766, and In re Ortiz, 71 Cal.App. 153, 234 P. 877, are disapproved insofar as they are inconsistent with this conclusion."

The Petersen case is not squarely in point with the facts in this case since there the petitioner did not voluntarily surrender himself to the sheriff. Furthermore we are not persuaded that the rule laid down in Petersen is the correct one for us to follow in this jurisdiction.

■ The great weight of authority supports the conclusions we have heretofore reached in the Newman and Weller cases.[1] Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748, supported by a long list of federal cases and practically all of the state courts with the exception of the position

1. Annot. to Petersen case, 77 A.L.R.2d page 1308.

taken by California In Re Petersen and one or two other state courts. The prevailing rule is that actual or physical restraint (not necessarily confinement) is required before a writ of habeas corpus may issue and that a person at large on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus.[2]

Giving full consideration to all the facts in this case we are of the opinion that the rule of law we have followed should not be overruled.

■ The final contention of the defendant is that the justice of the peace in the preliminary hearing in Cause No. 38963 summarily refused to issue subpoenas that were properly and timely requested by him, on the grounds that they were irrelevant and immaterial. This contention is without merit. At the outset it is apparent that the defendant is objecting to the procedural processes followed by the justice of the peace and not to the jurisdiction of the court to refuse to issue the subpoenas requested.

In Sykes v. Warden Maryland Pen., 201 Md. 662, 93 A.2d 549, 550, wherein application for a writ of habeas corpus was denied, the court held:

" * * * [T]he allegation that petitioner was denied the right to have compulsory process for obtaining witnesses in his favor goes only to the regularity of the proceedings, not to the jurisdiction of the trial court. A judgment of conviction is not void for such an error, and the Court of Appeals will not order the discharge of a prisoner for such error."

In a case similar in facts to this one the Supreme Court of Maryland said:

"A complaint that a petitioner was refused an opportunity to obtain witnesses is reviewable on appeal, but not on habeas corpus." Johns v. Warden of Maryland Pen., 205 Md. 644, 108 A.2d 906.

■ We are of the opinion that the justice of the peace had jurisdiction to strike from the subpoena the names of the witnesses who had allegedly been victimized by the defendant at other times in cases that had come before the court in other preliminary hearings.

The petition for habeas corpus is denied.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

---

2. " * * * The usual reasons given for the rule are that a person at large on bail already enjoys the liberty he seeks by the writ of habeas corpus, and that it is futile to direct the sheriff or other jailer to produce in court or release a prisoner he does not hold in custody and who may be beyond the court's jurisdiction." Annot. to Petersen case, 77 A.L.R.2d, page 1308, § 2.