442 P.2d 80

**STATE of Arizona, Plaintiff,**

**v.**

**Gary Leslie ABBOTT, Defendant.**

**No. 1829.**

Supreme Court of Arizona.

In Banc.

June 14, 1968.

Robert K. Corbin, Maricopa County Atty., and Richard A. Rice, Deputy County Atty., for plaintiff State of Arizona.

Edmond J. Brash and Patrick E. Eldridge, Phoenix, for defendant.

UDALL, Vice Chief Justice:

The question for decision in this case was certified to us by the Superior Court of Maricopa County. Essentially, it is whether a motion to quash an information will lie, upon any ground, to question the binding over of the defendant in a criminal case under circumstances where the superior court is of the belief that the evidence before the magistrate at the preliminary hearing was not sufficient to support its finding of probable cause to believe the defendant committed the offense charged, and at the time the motion was made the defendant was admitted to bail on his bond.

The following facts giving rise to the above question are uncontroverted: A complaint was filed against the defendant on March 6, 1967, charging him with the crime of Receiving Stolen Property, a felony. Defendant posted bond and was released to the custody of his bondsman. At his preliminary hearing on April 3, 1967,.

the defendant was held to answer to the crime charged and the bond previously posted was to and did remain in full force and effect. The witnesses who testified, all on behalf of the State, were: Edward McNabb; Robert Nay, Detective Phoenix Police Department; Officer Anthony Settle, Phoenix Police Department, and Joyce Place.

Substantially, the testimony of Edward McNabb was that his place of business was broken into some time on the weekend of the 25th of February, 1967, and, among the merchandise missing, was the television set described in the criminal complaint against the defendant. He testified that the burglary could have taken place Saturday night, February 25, 1967.

Detective Nay testified that he went to and searched a private residence known as 7025 North 23rd Drive, Phoenix, Arizona, for a .41 S and W Revolver, MCS Auto Stereo and "various other reported stolen items", pursuant to a search warrant giving him authority to do so. The basis for the issuance of the search warrant was that one Officer Twitchell had previously gone to the described private residence to effect the arrest of a runaway female juvenile. During the arrest, Officer Twitchell noticed a loaded pistol on a table, picked it up, checked the serial number and later found out that it had been taken in a theft of a vehicle.

When Detective Nay and Officer Tindall went to the private residence with the search warrant, no one was home. They opened an Arcadia door and observed a 19-inch Packard-Bell television set, serial #186326 (the same described in the complaint) by the drapes. They took the television set and all other property in the house they thought might be stolen and placed it in the police property room. Detective Nay knew that Gary Abbott, the defendant, and his brother, Boyd, lived at the residence, and that mail was being delivered to the house for Boyd and Gary Abbott and for one Gary Nicholson, but had never seen the defendant at the residence.

Other than the above, all Detective Nay knew about the case was that the television set was stolen and he found it at Boyd and Gary Abbott's house.

The gist of Officer Settle's testimony was that he first saw the defendant at the Police Station on March 3, 1967, when the defendant came in and demanded the property taken by the police under the search warrant, including the television set, claiming that it was his.

Essentially, the testimony of Joyce Place was that on a particular Saturday night she attended a show .with the defendant. Upon returning to his home with him after the show, she saw the television set which was later removed from the house pursuant to the police search warrant. It had not been in the house when they left to go to the show. The following Sunday morning she had a conversation with Gary Nicholson, during which she was told that if anyone asked he—Gary Nicholson—had brought the television over for all of them to watch.

At the conclusion of the State's evidence, the defendant's motion to dismiss was denied and the defendant was held to answer to the charge of Receiving Stolen Property and was admitted to bail. On April 20, 1967, the defendant was charged by information with having committed the offense. The defendant, through his counsel, filed a Motion to Quash the information in the superior court upon the grounds and for the reasons there was insufficient evidence at the preliminary hearing to bind the defendant over and, because of the insufficient evidence, the court had no jurisdiction of the offense charged because there was no offense shown at the preliminary hearing or that the court had no jurisdiction of the person of the defendant because the defendant had committed no crime as shown by the evidence at the preliminary hearing.

 It was the conclusion of the superior court that the evidence before it did not support the finding of probable cause by the magistrate that defendant committed

the offense charged, and this conclusion was a fact included in the question certified to this Court. Similarly, we are satisfied that a serious question does exist as to whether the magistrate was justified in concluding that probable cause did exist that defendant, with the necessary intent and knowledge, unlawfully received stolen property. A finding of probable cause that defendant committed the crime charged presupposes that a prima facie case, i. e., the elements of the crime, is established. See Dodd v. Boies, 88 Ariz. 401, 357 P.2d 144 (1960). A mere suspicion that defendant is guilty of the offense for which he is charged is not sufficient.

■ Proceeding on this basis, the issue is whether a motion to quash the information will lie to question the binding over by the magistrate. We have frequently ruled that the sufficiency of the evidence at the preliminary examination before the magistrate may not be raised by a motion to quash the information since it is not one of the enumerated grounds set forth in Rule 169, Rules of Criminal Procedure, 17 A.R.S. See State v. Essman, 98 Ariz. 228, 403 P.2d 540 (1965); State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); and State v. Woolery, 93 Ariz. 76, 378 P.2d 751 (1963). As distinguished from a case in which the legally competent evidence is not sufficient to support a finding of probable cause, we have held that a motion to quash will lie to question the adequacy of a preliminary hearing, i.e., whether a fair and complete preliminary hearing, consistent with state and federal constitutional requirements of due process, was held. See State v. Essman, supra; State v. Graninger, 96 Ariz. 172, 393 P.2d 266 (1964); Martin v. Superior Court, 96 Ariz. 282, 394 P.2d 211 (1964). A preliminary hearing in which such requirements have not been met is not a preliminary hearing within the intendment of Rule 79, Rules of Criminal Procedure, and, therefore, the absence of such is a ground for dismissing an information under Rule 169, Subsec. A, para. 3(a), Rules of Criminal Procedure.

■ An additional available remedy to question the sufficiency of the evidence supporting a finding of probable cause is the writ of habeas corpus. See Dodd v. Boies, supra. Similarly, the writ is available to those parties who claim their preliminary hearings were inadequate. State ex rel. Corbin v. Superior Court, 100 Ariz. 104, 412 P.2d 45 (1966); State v. Essman, supra.

Some confusion has apparently been created by the statement in State ex rel. Corbin v. Superior Court, 100 Ariz. 236, 242, 413 P.2d 264, (1966) wherein we said:

> "No county attorney, in the selection of a justice of the peace, can deprive defendant of a fair and impartial preliminary examination at which the requirements of due process of both the state and federal constitution are met, and in accordance with the Rules of Criminal Procedure, as interpreted by this court. If a defendant does not receive such a hearing, or if these rules are not followed, or if the evidence is not sufficient to support a finding of probable cause, he is not without remedy. *We have held that writs of habeas corpus and motions to quash are available to a defendant after an information is filed in the superior court.*
>
> [Citations]" [Emphasis supplied].

By that statement we did not intend by judicial fiat to expand the grounds already provided upon which a motion to quash will lie. Rather, it was intended to be a summary of the remedies available to one aggrieved during or at the preliminary hearing without distinguishing between the instances when each would lie.

■ The defendant argues that he is prejudiced or penalized since he was admitted to bail and did not have access to the remedy of habeas corpus. In re Walker, 92 Ariz. 125, 374 P.2d 878 (1962), we held, *inter alia*, that a defendant in a criminal case, admitted to bail, could not voluntarily surrender himself to the custody of the sheriff and thereby obtain access to the writ of habeas corpus, and also that

the writ of habeas corpus is not available to a defendant out of custody on a bond awaiting trial. Since the defendant in the instant case was admitted to bail, the remedy of habeas corpus is not available to him. Notwithstanding, we are not satisfied that he is prejudiced thereby. The sole function of habeas corpus is to obtain the release of one unlawfully detained. If the defendant in the instant case had not been admitted to bail, habeas corpus would not dismiss the charge against him nor would it prevent further prosecution on the same offense.

The question certified to us by the superior court is answered in the negative.

McFARLAND, C. J., and STRUCK-MEYER, BERNSTEIN and LOCK-WOOD, JJ., concur.