484 P.2d 33

**Charles Paul KILBERG, Appellant,**

v.

**The STATE of Arizona, Appellee.**

**No. 2 CA–CIV 944.**

Court of Appeals of Arizona, Division 2.

April 21, 1971.

Review Denied June 22, 1971.

S. Jeffrey Minker, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

KRUCKER, Chief Judge.

This appeal is from a denial of a writ of habeas corpus. Petitioner was seeking to test the sufficiency of the evidence supporting a finding of probable cause and binding the petitioner over to superior court.

■ Petitioner was free on bond at the time he sought the writ, and the sole question before the court in this appeal is whether a defendant in a criminal matter, who has been released on bond, may test the results of a preliminary hearing by a petition for a writ of habeas corpus. Habeas corpus is one of the remedies to test the sufficiency of evidence. State v. Abbott, 103 Ariz. 336, 442 P.2d 80 (1968). Our Supreme Court, in a long line of cases starting with In re Newman, 33 Ariz. 41, 262 P. 10 (1927), and In re Walker, 92 Ariz. 125, 374 P.2d 878 (1962),[1] and in-

---

1. In re Walker, supra, was later modified as to a ground not pertinent and not material to the determination of the case.

In re Walker, 92 Ariz. 328, 376 P.2d 857 (1962).

cluding *Abbott*, supra, has consistently held that the petitioner, in order to secure a writ of habeas corpus, must be in actual physical custody and not have been admitted to bail.

The appellant admits this line of cases and admits Arizona follows the numerical majority in the United States. He relies on the minority rule and cites many cases, including many federal cases and the California rule. Our Supreme Court stated the rule in *Walker*, supra:

"The great weight of authority supports the conclusions we have heretofore reached in the Newman [33 Ariz. 41, 262 P. 10] and Weller [20 Ariz. 194, 178 P. 981] cases. Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748, supported by a long list of federal cases and practically all of the state courts with the exception of the position taken by California In Re Petersen [51 Cal.2d 177, 331 P.2d 24] and one or two other state courts. The prevailing rule is that actual or physical restraint (not necessarily confinement) is required before a writ of habeas corpus may issue and that a person at large on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus." (Footnotes omitted) 92 Ariz. at 128–129, 374 P.2d at 881.

We do not believe that it is the province of this court to overrule *Abbott* and *Walker*, supra, and change the rule in this State, irrespective of our personal beliefs on the subject. It is for the Supreme Court of this State to change the rule if change there should be.

We must therefore follow the dictates of our Supreme Court and the rule that has been established by that Court for many years rather than follow the minority view as set out in the many federal decisions and decisions in other states, including California. If the rule is to be changed in Arizona, it is the sole prerogative of our Supreme Court to do so.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.