**Michael D. McNEIL, Appellant,**

v.

**Bessie GREENWAY, et al., Appellees.**

**No. O 91–588.**

Court of Criminal Appeals of Oklahoma.

Aug. 6, 1991.

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

Appellant filed in this Court a petition in error after his petition for a writ of mandamus was denied by the District Court of Pittsburg County, Case No. C–90–549. Appellant contends that 57 O.S.Supp.1987, § 510.2. requires the Department of Corrections to place him under a House Arrest Program.

The District Court found that the language of Section 510.2 does not mandate that all inmates who are incarcerated for non-violent offenses or who are within six months of the projected release date have a right to be placed under the House Arrest Program, but that the Department of Corrections has the statutory authority to implement the House Arrest Program and to establish certain rules for its supervision. Further, the District Court found the Department of Corrections has the right to determine that inmates with a certain num-

ber of security points are not eligible for the program; and, that the District Court determined Appellant has twenty-two (22) security points and under the rules of the Department of Corrections, this renders him ineligible for the House Arrest Program.

■ We agree. The Legislature provided in Section 510.2 that the Department of Corrections *may* implement a house arrest program; and, if it does so, in Section 510.4 directs that the Department of Corrections shall administer the program. Section 510.2(A)(1) determines those eligible to participate in the program implemented to be only inmates who are incarcerated for a nonviolent offense as defined in Section 571 of Title 57 of the Oklahoma Statutes, or inmates who are within six (6) months of their projected release date, but excepting those convicted of a sex-related offense.

Although Appellant has not provided this Court with a copy of any rules the Department of Corrections may have implemented in the establishment of a house arrest program, we do not find that a rule rendering an inmate ineligible to participate in the program because the inmate has accumulated a certain number of security points to be contrary to the legislative intent of the statute. In implementation of the program, the Department of Corrections must consider that Section 510.1(B) requires that the total number of persons placed in the house arrest program to not exceed fifteen percent (15%) of the total population of persons committed to the custody of the Department of Corrections. Therefore, establishing a rule that further restricts those eligible to participate in the program is not precluded by the statutory language.

Appellant has not shown any plain legal duty which the Appellees have refused to perform. Therefore, Appellant has not established the basic requirements necessary for this Court to entertain the extraordinary writ of mandamus. 22 O.S.Supp.1989, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 10.6(B).

■ Further, Appellant complains that the District Court of Pittsburg County refused to rule on his application for a writ of habeas corpus. We have reviewed the order entered by the District Court of Pittsburg County June 13, 1991. The District Court found it did not have authority or jurisdiction to rule on Appellant's application for a writ of habeas corpus. We agree. This Court will not entertain an original application for a writ of habeas corpus where such application has not been presented to and refused by the district court of the county where petitioner is restrained. *See* 22 O.S.Supp.1989, *Rules of the Court of Criminal Appeals*, Ch. 18, App., Rule 10.6; *In re Dykes*, 13 Okl. 339, 74 P. 506 (Okl.Cr.1903). The record before this Court indicates Appellant is not incarcerated in Pittsburg County.

■ Further, we find no merit to Appellant's contention that the Department of Corrections adherence to 57 O.S.Supp.1990, § 365, is an improper imposition of an *ex post facto* law to him. Section 365 directs that whenever the population of the prison system is certified by the State Board of Corrections as exceeding ninety-five percent (95%) of its capacity, the Department of Corrections and the Pardon and Parole Board shall implement a Preparole Conditional Supervision Program until such time as the population is reduced to ninety-two and one-half percent (92½%) of capacity for persons in the custody of the Department of Corrections who meet defined guidelines. Section 365's relation to Section 510.2 is not retrospective and does not violate the *ex post facto* prohibition.

IT IS THEREFORE THE ORDER OF THIS COURT that Appellant's application for extraordinary relief is DENIED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge

/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge