TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-811 |
| of | : | |
| | : | December 18, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

PETER FEDELE, EDWARD RANZENBACH, DENNIS B. BARRETT, AND A-1 AMBULANCE SERVICE, INC., have requested this office to grant leave to sue in quo warranto upon the following:

ISSUE OF FACT OR LAW

May an individual hold simultaneously the positions of Monterey County Director of Health, Monterey County Health Officer, Monterey County Local Emergency Medical Services Agency Director, and Monterey County Local Emergency Medical Services Agency Medical Director?

CONCLUSION

An individual may hold simultaneously the positions of Monterey County Director of Health, Monterey County Health Officer, Monterey County Local Emergency Medical Services Agency Director, and Monterey County Local Emergency Medical Services Agency Medical Director.

PARTIES

PETER FEDELE, et al. ("relators") contend that ROBERT J. MELTON, M.D. ("defendant") is unlawfully serving as the Monterey County Director of Health ("Director of Health"), Monterey County Health Officer ("Health Officer"), Monterey County Local Emergency Medical

1.                                                                                        95-811

Services Agency Director ("Director"), and Monterey County Local Emergency Medical Services Medical Director ("Medical Director").

## MATERIAL FACTS

The County of Monterey ("County") has designated by ordinance the County's Health Department ("Department") as its Local Emergency Medical Services Agency ("Agency"). The County has also designated by ordinance the Department's Director of Health as its Health Officer, the Agency's Director, as well as the Agency's Medical Director.

Defendant was appointed to these various positions by the County's Board of Supervisors in 1982, and he continues to exercise the duties of each position.

## ANALYSIS

In deciding whether to grant leave to sue in the name of the People of the State of California, we consider initially whether there exists a substantial question of law or fact which requires judicial resolution, and if so, whether the action in quo warranto would serve the overall public interest. (75 Ops.Cal.Atty.Gen. 287, 288 (1992).)

This application for leave to sue concerns the common law doctrine of incompatible public offices. The doctrine prevents a person from holding simultaneously two public offices if the performance of the duties of either could have an adverse effect on the other. (*People ex rel. Chapman* v. *Rapsey* (1940) 16 Cal.2d 636, 641-642; 76 Ops.Cal.Atty.Gen. 81, 82-83 (1993).) If the two positions are offices, and if they are incompatible, the consequence is that the mere acceptance of the second acquired office automatically terminates the occupation of the first office as effectively as a resignation. (*People ex rel. Chapman* v. *Rapsey*, *supra*, 16 Cal.2d at 644; 76 Ops.Cal.Atty.Gen., *supra*, at 83.) However, if one or both of the positions is a mere employment as distinguished from a public office, the doctrine does not apply. (74 Ops.Cal.Atty.Gen. 82, 83 (1991); 73 Ops.Cal.Atty.Gen. 183, 184 (1990).)

We need not determine herein whether the positions under consideration are public offices, whether they are in fact distinct and separate from each other, or whether they are incompatible for purposes of the incompatible offices doctrine. Regardless of such determinations, the common law rule does not apply where it has been abrogated by the laws of this state. (*American Canyon Fire Prot. Dist.* v. *County of Napa* (1983) 141 Cal.App.3d 100, 104; 66 Ops.Cal.Atty.Gen. 293, 301 (1983).) As expressly provided in Civil Code section 22.2: "The common law of England, *so far as it is not* repugnant to or *inconsistent with the* Constitution of the United States, or the Constitution or *laws of this state*, is the rule of decision in all courts of this State." (Italics added.)

Here the County has designated its Director of Health as its Health Officer. No dispute arises as to this appointment. (See Health & Saf. Code, §§ 450-465.) The County has by ordinance also designated its Director of Health as the Agency's Director and the Agency's Medical Director. Does the common law prohibition against holding incompatible offices apply when a county combines offices by ordinance which state statute authorizes?

We have previously determined that the "laws of this state" within the meaning of Civil Code section 22.2 encompass duly enacted local legislation. Specifically, in 66 Ops.Cal.Atty.Gen., *supra*, at 300-301, we observed:

"An ordinance has the same force within the corporate limits of a city (*Brown* v. *City of Berkeley* (1976) 57 Cal.App.3d 223, 231) or within county limits (*Evola* v. *Wendt Construction, Co.* (1959) 170 Cal.App.2d 21, 24), as the case may be, as does a statute throughout the state. Hence, every part of the state is governed by the ordinances of a county or city, each such ordinance having, when duly enacted, and within its territorial limits, the same force and dignity as a law of general application. Such ordinances, adopted under the constitutional and legislative authority of the state, constitute an integral part of the `laws of the state.' Accordingly, a local ordinance is as much a part of the legal system, and an exercise of the sovereign power of governance, as any statute of limited geographical effect (*cf. McGlothlen* v. *Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005) or statewide significance.

"We discern no basis for the suggestion that the adoption of the common law as `the rule of decision' was intended to restrict the legislative powers of local governments. In our view, therefore, the `laws of this state' include duly enacted local legislation. Indeed, it has been held in a different statutory context that the `law of this state' includes municipal and county ordinances. (*People* v. *Williams* (1962) 207 Cal.App.2d Supp. 912, 915; *In re Johnson* (1920) 47 Cal.App. 465, 467; *Ex parte Sweetman* (1907) 5 Cal.App. 577, 579; *In re Miller* (1910) 13 Cal.App. 564, 566.)"

We reaffirmed our 1983 opinion in 73 Ops.Cal.Atty.Gen. 357, 360-361 (1990). ". . . [A]lthough a city or county normally may not adopt an ordinance inconsistent with a state statute (Cal. Const., art. XI, § 7; *Griffis* v. *County of Mono* (1985) 163 Cal.App.3d 414, 425-426), here Civil Code section 22.2 itself `authorizes' such inconsistency with respect to common law rules." (*Id.*, at p. 361.)

The ordinance under consideration herein is plainly contemplated by state law. The Emergency Medical Services System and the Prehospital Emergency Medical Care Personnel Act (Health & Saf. Code, § 1797 et seq.) specifically provides as follows:

"Each county may develop an emergency medical services program. Each county developing such a program shall designate a local EMS agency which shall be the county health department, an agency established and operated by the county, an entity with which the county contracts for the purposes of local emergency medical services administration, or a joint powers agency created for the administration of emergency medical services by agreement between counties or cities and counties pursuant to the provisions of Chapter 5 (commencing with Section 6500) of Division 7 of Title 1 of the Government Code." (Health & Saf. Code, § 1797.200.)

Inasmuch as the County is expressly authorized by statute to designate its Department as its Agency, it follows that the County's Director of Health and Health Officer and the Agency's Director may be the

same individual under such circumstances. Assuming the Agency's Director satisfies the Legislature's prerequisites for acting as the Agency's Medical Director, i.e., a licensed physician and surgeon with substantial experience in the practice of emergency medicine (Health & Saf. Code, § 1797.202), there is no statutory basis for precluding the simultaneous occupation of the positions in question by the same individual.

Accordingly, we find no impediment to the County's enactment of the ordinance combining the various county positions. In the absence of any substantial question of fact or law which could give rise to the forfeiture of any office, the application herein for leave to sue in quo warranto is denied.

* * * * *

4.                                                                                          95-811